**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 24, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20906
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROMAN GALVAN-SANCHEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-51-1
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Roman Galvan-Sanchez pleaded guilty to illegal reentry to
the United States in violation of 8 U.S.C. § 1326 following
deportation subsequent to an aggravated felony conviction.
Galvan-Sanchez argues that his prior felony conviction for
possession of a controlled substance did not merit the eight-
level adjustment provided in U.S.S.G. § 2L1.2(b)(1)(C) for an
aggravated felony.  He argues that he should have received only

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the four-level adjustment provided in U.S.S.G. § 2L1.2(b)(1)(D) for "any other felony." Galvan-Sanchez concedes that his argument is foreclosed by <u>United States v. Caicedo-Cuero</u>, 312 F.3d 697, 706-11 (5th Cir. 2002), <u>petition for cert. filed</u>, (U.S. March 19, 2003)(No. 02-9747), but raises the argument to preserve it for Supreme Court review. Because <u>Caicedo-Cuero</u> is still good law and one panel of this court cannot overrule another absent superceding Supreme Court or <u>en</u> <u>banc</u> authority, Galvan-Sanchez's argument is foreclosed. <u>See</u> <u>United States v. Ruff</u>, 984 F.2d 635, 640 (5th Cir. 1993). Accordingly, the district court did not err in assessing an eight-level adjustment to Galvan-Sanchez's sentencing guideline calculation.

AFFIRMED.